IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUGUSTINE BARBALACE | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-258 |
| | : | |
| KENCREST SERVICES, INC. | : | |
| | : | |

**McHUGH, J.**                                                                                                       **April 19, 2022**

## MEMORANDUM

This is an employment action in which Plaintiff alleges he was discriminated against on the basis of his age and sexual orientation, and retaliated against in violation of the Age Discrimination in Employment Act. Defendant moves to dismiss Plaintiff's retaliation claim, Count II, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion will be granted.

**I.   Factual Allegations:**

Plaintiff Augustine Barbalace worked as accountant for Defendant KenCrest Services, Inc., for nearly 20 years until his termination on March 17, 2020. Compl. ¶¶ 2,14, ECF 1. KenCrest is a non-profit that provides community-based services and support in the Delaware Valley for people with developmental disabilities. Mot. Dismiss at 1, ECF 3-1.

In Counts I and III of his Complaint, Plaintiff, who was 62 years old at the time of his termination, alleges that KenCrest violated the Age Discrimination in Employment Act (ADEA), Title VII, and the Pennsylvania Human Relations Act (PHRA) when KenCrest terminated him based on his age and sexual orientation. Compl. ¶¶ 19-22; 36-39.[1]

---

[1] Defendant has not moved to dismiss Counts I or III. Defendant has only moved to dismiss the retaliation claim (Count II), so the remainder of the discussion focuses on facts pertaining to the alleged retaliation.

In Count II of the Complaint, Plaintiff also alleges that KenCrest retaliated against Plaintiff for grievances that he had previously made. *Id*. ¶¶ 26-29. Specifically, Plaintiff alleges that Defendant retaliated against him in violation of the ADEA through "a. denial of vacation time of Plaintiff following Plaintiff's filing of grievances; b. dismissal of Plaintiff's grievances without sufficient investigation; c. derogatory language directed at Plaintiff; d. Plaintiff's termination from his employment." *Id*. ¶ 27.

While employed at KenCrest, Plaintiff filed three grievances. The first grievance, filed April 9, 2012 (six years prior to termination), involved his request for a Paid Time Off (PTO) day. Mot. Dismiss, Ex. B. Plaintiff emailed to state that the denial of his PTO time "is not fair" and that he is being bullied "constantly" by his supervisor, who "gets loud and overbearing." *Id*. His second complaint, filed September 23, 2016 (four years prior to termination), is also related to his supervisor "being a bully" and cites that the supervisor is "nasty" and issues him "conflicting messages on projects, then threats in that abusive tone of his." Def.'s Mot. Dismiss, Ex. C. He further states that he is being "treated differently than the other managers from expectation[s], management style to salary." *Id.* His third complaint, filed August 21, 2018 (two years prior to termination), describes struggles with understaffing on his team and concludes, "I need help. I feel unsupported, given limited resources, and set up to fail, I feel berated, threatened and bullied on a daily basis." Def.'s Mot. Dismiss, Ex. D. In an additional email from August 21, 2018, Plaintiff restates the complaints described above and adds that his supervisor engages in "favoritism" and "treats his other directors differently." *Id*.

Defendant moves to dismiss Plaintiff's retaliation claim, Count II of the Complaint, pursuant to Rules 12(b)(6) and 56.

**II.     Standard of Review**

Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

KenCrest moves in the alternative for partial summary judgment pursuant to Fed. R. Civ. P. 56, noting that Rule 12(b)(6) motions must be converted when "matters outside the pleadings are presented to and not excluded by the Court." Fed. R. Civ. P. 12(d). Defendant has attached a number of documents as exhibits to its motion.

In deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, any exhibits attached to the complaint, and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Courts may consider a document that a defendant attaches as an exhibit to a motion to dismiss, provided that its authenticity is undisputed and that plaintiff's claims are based on the document. *Id*. Here, I consider only those undisputedly authentic documents attached to Defendant's motion that form the basis for Plaintiff's claim and therefore, do not convert Defendant's motion to dismiss to a motion for summary judgment.[2]

---

[2] In his Complaint, Plaintiff alleges retaliation based on "grievances." Compl. ¶ 27. Defendant attaches three grievances to its Motion. Specifically, I have considered Plaintiff's April 9, 2012 grievance, attached to Defendant's Motion to Dismiss as Exhibit B, Plaintiff's September 23, 2016 grievance, attached as Exhibit C, and Plaintiff's August 21, 2018 grievance, attached as Exhibit D. Plaintiff does not dispute the authenticity of the grievances in his response to the motion to dismiss, ECF 4-1. I have not considered the remainder of the exhibits attached to Defendant's motion, as they are outside of the pleadings.

**III.    Discussion:**

      a.  <u>The Retaliation Claim Fails under Rule 12(b)(6)</u>

Plaintiff alleges that Defendant retaliated against him in violation of the ADEA.[3] 29 U.S.C. § 623. As currently pleaded, Plaintiff's complaint fails to state a claim because it does not allege that he engaged in protected employee activity.[4]

A plaintiff asserting an ADEA retaliation claim must show "(1) [that he engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Daniels v. School. Dist. Of Philadelphia*, 776 F.3d 181, 192-193 (3d Cir. 2015).

Protected activity includes opposition to discrimination based on a protected category. *Id*. at 193. While opposition need not be significant nor formal, "opposition to an illegal employment practice must identify the employer and the practice—if not specifically, at least by context." *Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*, 450 F.3d 130, 135-136 (3d Cir. 2006). Moreover, critically for this case, to constitute protected activity "the complaint must allege that the opposition was to discrimination based on a protected category, such as age or race." *Daniels*, 776 F.3d at 193. A "general complaint of unfair treatment does not translate into a charge of illegal *age* discrimination." *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3d Cir. 1995)

---

[3] In Count II, Plaintiff mentions only the ADEA. To the extent that Plaintiff is also alleging retaliation in violation of the PHRA or Title VII, the standard would remain the same. *See Barber v. CSX Distribution Servs.,* 68 F.3d 694, 701 (3d Cir. 1995) (noting that the procedural framework in ADEA retaliation cases follows Title VII disparate treatment cases); *Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (treating plaintiff's PHRA claims as identical to her ADEA and Title VII claims).

[4] Defendant also challenges the failure to plead a causal connection between the grievances and Plaintiff's termination, noting that his last alleged grievance occurred 19 months prior to his termination. Mot. Dismiss at 7, ECF 3-1. I have not reached that issue.

(emphasis in original).  In *Barber*, the plaintiff sent a letter complaining that a "position was awarded to a less qualified individual," but the court held that this assertion did not constitute protected activity where it did not "explicitly or implicitly allege that age was the reason for the alleged unfairness." *Id.*

Here, as in *Barber*, Plaintiff's Complaint does not allege that he complained about discrimination on the basis of age, referring instead only to "grievances." Compl. ¶ 27. The underlying grievance emails suffer from the same deficiency—complaining generally about "bullying," lack of staffing supports, and unfair treatment without any mention of age. Although two of the emails allege that Plaintiff is treated differently from the other directors, there is no mention of the age of the other KenCrest directors, or any context described in the grievance or pleaded in the Complaint to support an inference of age discrimination. The only surrounding context pleaded in the Complaint is that Plaintiff is over 40 years old and was later replaced by a younger employee. That does not provide a sufficient context from which to conclude that he identified age discrimination as the basis for his complaint. Indeed, neither the Complaint nor the grievances explicitly allege that this disparate treatment was based on age. Further, while Plaintiff's Complaint states that he was subjected to "derogatory language," it does not include any examples and fails to allege that such language was related to any protected characteristic. As pleaded, his grievances describing disrespect and disparate treatment without any explicit mention of a protected characteristic do not constitute protected activity.[5] Plaintiff's retaliation claim will therefore be dismissed without prejudice.

---

[5] To the extent that Plaintiff may also be alleging retaliation on the basis of sexual orientation, both Count II and the emailed grievances are similarly devoid of any mention of sexual orientation.

## IV. Conclusion

For the reasons stated above, Defendant's Partial Motion to Dismiss is granted.

/s/ Gerald Austin McHugh
United States District Judge
